UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| SEKAYI R. WHITE, | No. 2:17-cv-1829 CKD P |
| Plaintiff, | |
| v. | ORDER |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

Plaintiff is a California prisoner proceeding pro se. On May 9, 2018, the court screened plaintiff's amended complaint as the court is required to do under 28 U.S.C. § 1915A. The court found that this action may proceed on plaintiff's "Breach of Fiduciary Duties" claim against defendant. Both parties have consented to have all matters in this action before a United States Magistrate Judge. See 28 U.S.C. § 636(c). Defendant's motion to dismiss is before the court.

I. Allegations

In his amended complaint, plaintiff alleges as follows:

1. Plaintiff has been incarcerated since April 1, 2007. On that day, plaintiff had approximately $60,000 in a savings account and $5,800 in a checking account with Washington Mutual Bank (WaMu). The accounts were not linked to one another. Therefore, funds could not be transferred by WaMu from the savings account to the checking account to satisfy overdrafts from the checking or overdraft fees.

2. In January 2009, plaintiff learned that as of November 2007, he had no money in his checking account. At some point, plaintiff called WaMu and spoke to a branch manager who told plaintiff the problem with his checking account "would take months for her to fix it."

3. After his incarceration, plaintiff was not able to obtain any account statements from WaMu until 2014. At that point, plaintiff learned that his savings account had been depleted as well by a series of unauthorized transfers to plaintiff's checking account and withdrawals.

4. In November 2016, plaintiff sued JP Morgan Chase (JPMC) after learning JPMC had taken over WaMu and after JPMC declined to reimburse plaintiff for funds lost in his checking and savings accounts. In February 2017, and pursuant to proceedings in the Superior Court of Orange County, JPMC informed plaintiff "of WaMu's failure and [the Federal Deposit Insurance Corporation's (FDIC)] role as the receiver." In response, plaintiff filed a claim with the FDIC on April 2, 2017. The FDIC referred plaintiff's claim to the Office of Comptroller of the Currency (OCC). The OCC denied plaintiff's claim on July 11, 2017.

II. Plaintiff's Claims

Under the heading "Breach of Fiduciary Duties" in his first amended complaint, plaintiff alleges as follows:

1. Defendant, via the FDIC, breached a duty owed to plaintiff by failing to provide plaintiff with notice of WaMu's failure and the FDIC's receivership so that plaintiff could have made a claim concerning his lost savings and checking account funds in a timely manner.

2. Defendant, via the FDIC, breached a fiduciary duty by failing to investigate plaintiff's claims and passing the matter on to the OCC who also declined to investigate.

3. Defendant, via the FDIC, violated plaintiff's rights under the Due Process Clause of the Fourteenth Amendment by failing to provide plaintiff with the notice required under 12 U.S.C. §1821(d)(3)(C).

Plaintiff seeks return of $65,580 with interest.

III. Due Process Claim

In Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971) the Supreme Court found that a plaintiff could bring a suit for damages against a

federal official based upon a violation of the Constitution. However, such a suit cannot be brought against the United States or a U.S. agency. F.D.I.C. v. Meyer, 510 U.S. 471, 484-86 (1994). While defendant does not seek dismissal of plaintiff's due process claim, the claim will be dismissed sue sponte under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted. See, e.g., Omar v. Sea-Land Service, Inc., 813 F.2d 986, 991 (9th Cir. 1987).

III. Legal Standards

Defendant seeks dismissal of plaintiff's other two claims under Rule 12(b)(1) of the Federal Rules of Civil Procedure. A motion to dismiss under Rule 12(b)(1) tests the subject matter jurisdiction of the court. Challenges to jurisdiction under Rule 12(b)(1) may be facial (i.e., on the pleadings) or factual, permitting the court to look beyond the complaint. Savage v. Glendale Union High Sch., 343 F.3d 1036, 1039-40 n. 2 (9th Cir. 2003). Either way, plaintiff has the burden of proving jurisdiction to survive the motion. Tosco Corporation v. Communities for a Better Environment, 236 F.3d 495, 499 (9th Cir. 2001).

In a facial challenge, a Rule 12(b)(1) motion will be granted if the complaint on its face fails to allege facts sufficient to establish subject matter jurisdiction. Savage, 343 F.3d at 1039 n.2. In a factual challenge, "the district court is not restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony. . ." McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988). See also Biotics Research Corp. v. Heckler, 710 F.2d 1375, 1379 (9th Cir. 1983) (consideration of material outside the pleadings did not convert a Rule 12(b)(1) motion into one for summary judgment).

Plaintiff's remaining claims are brought under the Federal Tort Claims Act (FTCA), 28 U.S.C.A. § 1346, 2671-2678 & 2680. The United States is the only proper defendant for a claim brought under the FTCA. Lance v. U.S., 70 F.3d 1093, 1095 (9th Cir. 1995). "As sovereign, the United States can be sued only to the extent that it has waived its immunity from suit." O'Toole v. United States, 295 F.3d 1029, 1033 (9th Cir. 2002) (quotations and citation omitted). Under the FTCA, the United States waives immunity with regard to some state law tort claims. 28 U.S.C. § 2674.

IV.  <u>Claim Presentation</u>

Defendant argues plaintiff's remaining claims must be dismissed because he failed to present the claims directly to the FDIC as required under 28 U.S.C. § 2675(a).  A suit cannot be brought against the United States under the FTCA unless the underlying claim(s) is presented to the appropriate federal agency, and the claim is either denied, or six months have passed without final resolution.  Id.  This claim presentation requirement is a jurisdictional prerequisite to bringing suit.  Gillespie v. Civiletti, 629 F.2d 637, 640 (9th Cir. 1980).

As indicated above, plaintiff alleges in his first amended complaint that after plaintiff learned of the FDIC's role as receiver for WaMu, plaintiff filed a "claim" with the FDIC on April 2, 2017.  Plaintiff attaches a copy of the completed form he submitted to the FDIC as exhibit 1 to his opposition.[1]  On the form, plaintiff essentially repeats the allegations made in this action against WaMu regarding the depletion of funds from his checking and savings accounts.  He does not complain about the actions of the FDIC.  After review of the form submitted by plaintiff to the FDIC and the arguments of the parties, it has become clear that the claims plaintiff presents in this action are based upon the FDIC's response to the completed form and that any claims arising out of the FDIC's response were not presented to the FDIC as required under 28 U.S.C. § 2675(a).  This being the case plaintiff's claims arising under the FTCA must be dismissed and the court need not respond to the other arguments presented in defendant's motion to dismiss.

In accordance with the above, IT IS HEREBY ORDERED that:

1.  Plaintiff's claim that defendant, via the FDIC, violated plaintiff's rights under the Due Process Clause of the Fourteenth Amendment by failing to provide plaintiff with the notice

/////

/////

/////

/////

---

[1]  Since the contents of this document are alleged in plaintiff's first amended complaint and neither party questions its authenticity, the document may be considered as part of defendant's Rule 12(b)(1) facial challenge.  See Branch v. Tunnell, 14 F.3d 449, 454 (9th Cir. 1994).

4

required under 12 U.S.C. §1821(d)(3)(C) is dismissed for failure to state a claim upon which relief can granted.

      2. Defendant's motion to dismiss (ECF No. 21) is granted;

      3. Plaintiff's claims arising under the Federal Tort Claims Act are dismissed; and

      4. This case is closed.

Dated:  January 25, 2019

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
whit1829.14(2)